FILED

06 SEP 26 AM 9:14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLAES ENTERPRISES, INC., a California corporation,<br><br>        Plaintiff,<br> vs.<br><br>PHYSICAL SCIENCE THC, LLC, a New Jersey limited liability company; CHARLES FARMER, an individual,<br><br>        Defendants. | CASE NO. 04CV1061-BEN (JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS DEFENDANT CHARLES FARMER FOR LACK PERSONAL JURISDICTION [Docket No. 31]** |

This is an action for copyright infringement.  Plaintiff Olaes Enterprises, Inc. ("Olaes"), a California corporation, alleges that it owns copyrighted graphic designs which the Defendants infringed.  Defendant Charles Farmer ("Farmer"), who is not a California resident, moves to dismiss for lack of personal jurisdiction.  For the reasons discussed below, Farmer's Motion is **GRANTED**.  Accordingly, Farmer is **DISMISSED**.

## DISCUSSION

Personal jurisdiction over Farmer is required for this action to proceed against him.  See Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, 610 (1990) ("Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State.").  See also Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004)

1  ("Personal jurisdiction must exist for each claim asserted against a defendant.") (citation omitted).

2  Olaes has the burden of showing jurisdiction over Farmer.  See Schwarzenegger v. Fred

3  Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) ("Where a defendant moves to dismiss a

4  complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that

5  jurisdiction is appropriate.") (citation omitted).  Thus, Olaes is "obligated to come forward with

6  facts, by affidavit or otherwise, supporting personal jurisdiction."  Scott v. Breeland, 792 F.2d 925,

7  927 (9th Cir. 1986) (citation and internal quotations omitted).  But because there was no

8  evidentiary hearing, Olaes "need only make a prima facie showing of jurisdictional facts" based on

9  its "pleadings and affidavits" and "uncontroverted allegations in [its] complaint must be taken as

10  true."  Schwarzenegger, 374 F.3d at 800 (citation and internal alterations and quotations omitted).

11  "Conflicts between parties over statements contained in affidavits must be resolved in [Olaes's]

12  favor."  Id.; see also Mattel, Inc. v. Greiner and Hausser GmbH, 354 F.3d 857, 862 (9th Cir. 2003)

13  (citation omitted).

14  To determine whether Olaes has made a prima facie showing of jurisdiction over Farmer,

15  the Court applies California's long-arm jurisdictional statute.  See Schwarzenegger, 374 F.3d at

16  800 ("Where, as here, there is no applicable federal statute governing personal jurisdiction, the

17  district court applies the law of the state in which the district court sits.") (citations omitted).

18  However, "[b]ecause California's long-arm jurisdictional statute is coextensive with federal due

19  process requirements, the jurisdictional analyses under state law and federal law due process are

20  the same."  Id.; see also Cal. Code Civ. P. § 410.10 ("A court of this state may exercise jurisdiction

21  on any basis not inconsistent with the Constitution of this state or of the United States."); Roth v.

22  Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991) ("Since California's jurisdictional statute is

23  coextensive with federal due process requirements, the jurisdictional inquiries under state law and

24  federal due process merge into one analysis.").

25  "The due process clause prohibits the exercise of jurisdiction over nonresident defendants

26  unless those defendants have 'minimum contacts' with the forum state so that the exercise of

27  jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  Roth, 942

28  F.2d at 620 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal

- 2 -

1  quotation omitted)).  This is commonly known as the "International Shoe" requirement.  The Ninth

2  Circuit has "interpreted International Shoe and its progeny as allowing jurisdiction by California

3  courts over a nonresident defendant if he has enough continuous contacts with California to subject

4  him to the court's **general** jurisdiction or if the specific cause of action arises out of a defendant's

5  more limited contacts with the state so that California may exercise **limited** or **specific** jurisdiction

6  over him."  Roth, 942 F.2d at 620 (emphasis in original) (citation omitted).  Put differently,

7  personal jurisdiction over Farmer can exist either on a "general" or "specific" basis.  See Haisten

8  v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir. 1986)

9  (defendant "may assert either general or specific jurisdiction over a nonresident defendant.").  For

10  the reasons that follow, Olaes has failed to make a prima facie showing that the Court has either

11  general or specific jurisdiction over Farmer.

12  **I.      The Court Lacks General Jurisdiction Over Farmer.**

13          General jurisdiction over Farmer exists if his activities in California were "'substantial' or

14  'continuous and systematic,' . . . even if the cause of action is unrelated to those activities."

15  Haisten, 784 F.2d at 1396 (citation omitted).  "This is an exacting standard, as it should be,

16  because a finding of general jurisdiction permits a defendant to be haled into court in the forum

17  state to answer for any of its activities anywhere in the world."  Schwarzenegger, 374 F.3d at

18  801(citation omitted); see also Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986)

19  ("[C]ases [from the Ninth Circuit] demonstrate that 'substantial' is intended to be a fairly high

20  standard.").

21          Here, Olaes does not allege, and the record does not suggest, that Farmer can be subject to

22  general jurisdiction.  There is no evidence that Farmer ever maintained offices, qualified to do

23  business, or regularly solicited business in California.  Farmer has never worked regularly in

24  California, never owned, used, or possessed real property in California, and has never contracted to

25  supply goods or services in California.  See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 815-

26  816 (9th Cir. 1988) (finding no general jurisdiction under same circumstances); see also Bancroft

27  & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000); Hirsch v. Blue Cross,

28  Blue Shield of Kansas City, 800 F.2d 1474, 1478 (9th Cir. 1986).  Accordingly, the Court does not

- 3 -

1    have general jurisdiction over Farmer.

2    **II.    The Court Also Lacks Specific Jurisdiction Over Farmer.**

3    The Ninth Circuit has "established a three-prong test for analyzing a claim of specific

4    personal jurisdiction:

5        (1) The non-resident defendant must purposefully direct his activities or consummate some
         transaction with the forum or resident thereof; or perform some act by which he
6        purposefully avails himself of the privilege of conducting activities in the forum, thereby
         invoking the benefits and protections of its laws;

7

8        (2) the claim must be one which arises out of or relates to the defendant's forum related
         activities; and

9        (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it
         must be reasonable."

10

11    Schwarzenegger, 374 F.3d at 802 (citation omitted).  Olaes "bears the burden of satisfying the first

12    two prongs of the test.  If [Olaes] fails to satisfy either of these prongs, personal jurisdiction is not

13    established in the forum state.  If [Olaes] succeeds in satisfying both of the first two prongs, the

14    burden then shifts to [Farmer] to present a compelling case that the exercise of jurisdiction would

15    not be reasonable."  Id. (citation and internal quotation omitted); see also Mattel, Inc., 354 F.3d at

16    866 ("The party seeking to defeat personal jurisdiction must present a compelling case that the

17    presence of some other considerations would render jurisdiction unreasonable.") (citations

18    omitted).  This three prong test is commonly referred to as the "minimum contacts" test. See

19    McGlinchy v. Shell Chemical Co., 845 F.2d 802 (9th Cir. 1988).

20    "Personal jurisdiction is established, under the 'minimum contacts' test, only if all three

21    parts of this test are satisfied." Id. at 818 n. 10 ("Personal jurisdiction is established, under the

22    'minimum contacts' test, only if all three parts of this test are satisfied.").  That is "[i]f any of the

23    three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due

24    process of law." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).

25    Here, as explained below, Olaes has failed to satisfy the first prong of the specific

26    jurisdiction test, i.e., that Farmer either purposely availed himself of benefits in California or

27    purposely directed his activities there.  Accordingly, the Court lacks jurisdiction over Farmer and

28    need not address the remaining two prongs of the specific jurisdiction analysis. See Pebble Beach

1  Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) ("Here, Pebble Beach's arguments fail under

2  the first prong. Accordingly, we need not address whether the claim arose out of or resulted from

3  Caddy's forum-related activities or whether an exercise of jurisdiction is reasonable . . . .").

4       **A.**    **Purposeful availment or direction.**

5       As just noted, under the first prong of the three-part specific jurisdiction test, Olaes must

6  establish that Farmer "either purposefully availed" himself "of the privilege of conducting

7  activities in California, or purposely directed [his] activities toward California." Schwarzenegger,

8  374 F.3d at 802. Purposeful "availment and direction are . . .two distinct concepts" and will be

9  addressed in turn. Id.

10       **1.**    **Purposeful availment**

11       "A purposeful availment analysis is most often used in suits sounding in contract." Id.

12  (citation omitted). "A showing that a defendant purposefully availed himself of the privilege of

13  doing business in a forum state typically consists of evidence of the defendant's actions in the

14  forum, such as executing or performing a contract there. By taking such actions, a defendant

15  'purposefully avails itself of the privilege of conducting activities within the forum State, thus

16  invoking the benefits and protections of its laws.'" Id. (quoting Hanson v. Denckla, 357 U.S. 235,

17  253 (1958)).

18       Olaes has failed to allege, much less offer any evidence showing, that Farmer "had

19  sufficiently extensive contacts with California to support a finding that it purposefully availed

20  [himself] of the privilege and opportunity of doing business in California" or that his "connection

21  with [California] [were] such that [Farmer] should reasonably anticipate being haled into Court

22  there." Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th

23  Cir. 2003); see also Terracom v. Valley Nat. Bank, 49 F.3d 555, 560 (1995) ("[C]ritical to due

24  process analysis . . . is that the defendant's conduct and connection with the forum State are such

25  that he should reasonably anticipate being haled into court there."). There is no evidence showing

26  that Farmer received benefit, privilege, or protection from California in connection with doing

27  business. See Pebble Beach Co., 453 F.3d at 1155 ("Evidence of availment is typically action

28  taking place in the forum that invokes the benefits and protections of the laws in the forum."); see

1   also <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 840 (9th Cir. 1986)

2   ("Purposeful availment requires some kind of affirmative conduct by the defendant which allows

3   or promotes the transaction of business within the forum state.").  Moreover, there is no evidence

4   that Farmer's conduct of which Olaes complains--the unauthorized use of its registered copyrights-

5   -took place California.  <u>See</u> <u>Pebble Beach Co.</u>, 453 F.3d at 1156.  Olaes, therefore, cannot establish

6   jurisdiction under the purposeful availment analysis.  <u>See</u> <u>Schwarzenegger</u>, 374 F.3d at 803; <u>see</u>

7   <u>also</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985) ("This 'purposeful availment'

8   requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of

9   'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or

10  third person.'") (citations and footnote omitted).

11          To the extent that Farmer's conduct might justify the exercise of personal jurisdiction in

12  California, that conduct must have been purposefully directed at California.  <u>See</u> <u>Schwarzenegger</u>,

13  374 F.3d at 803.  As set forth below, it was not.

14          **2.      Purposeful direction**

15          "A purposeful direction analysis is most often used in suits sounding in tort."  <u>Id.</u> at 802

16  (citation omitted).  It "usually consists of evidence of the defendant's actions outside the forum

17  state that are directed at the forum . . . ."  <u>Id.</u> at 803 (citations omitted).  "The placement of a

18  product into the stream of commerce, without more, is not an act of the defendant purposefully

19  directed toward the forum State . . . .  [A] defendant's awareness that the stream of commerce may

20  or will sweep the product into the forum State does not convert the mere act of placing the product

21  into the stream into an act purposefully directed toward the forum state."  <u>Asahi Metal Indus. v.</u>

22  <u>Superior Court of Cal.</u>, 480 U.S. 102, 112 (1987).  Courts "evaluate purposeful direction under the

23  three-part 'effects' test" established by the Supreme Court in <u>Calder v. Jones</u>, 465 U.S. 783 (1984).

24  <u>See</u> <u>Schwarzenegger</u>, 374 F.3d at 803.   "The three part test requires that the defendant have: (1)

25  committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

26  defendant knows is likely to be suffered in the forum state."  <u>Id.</u> at 805 (citation and quotations

27

28

04cv1061-BEN (JMA)

1    omitted).  "All three parts of the test must be satisfied."  Id.[1]

2           Here, Olaes has sufficiently alleged that Farmer has "committed an intentional act."

3    Specifically, Olaes alleges that Farmer "was a moving . . . force behind the infringement of [its]

4    copyrighted designs" and personally "authorized, directed and . . . participated in the copyright

5    infringements" by "authorizing, directing and approving the reproduction of [Olaes's] copyrighted

6    designs . . . ."  (First Amended Complaint ¶ 8.)  Such uncontroverted allegations are sufficient to

7    meet the first prong regardless of Farmer's intent or the location where he allegedly committed the

8    act.  See Schwarzenegger, 374 F.3d at 806.

9           The next, and the more critical question here, is whether Farmer's acts were "expressly

10   aimed" at California.  The "express aiming" requirement is met when "the defendant is alleged to

11   have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a

12   resident of the forum state."   Bancroft & Masters v. Augusta National Inc., 223 F.3d 1082, 1087

13   (9th Cir. 2000).  In other words, the Court must determine whether Olaes has "made a prima facie

14   showing that [Farmer] knew that [his] allegedly wrongful acts were aimed" at California residents.

15   Myers v. Bennett Law Offices, 238 F.3d 1068, 1072 (9th Cir. 2001).  Where a defendant's alleged

16   acts were "'performed for the very purpose of having their consequences felt in the forum state,'"

17   the express aiming requirement is met.  Dole, 303 F.3d at 1112 (quoting Brainerd v. Governors of

18   the Univ. of Alberta, 873 F.2d 1257, 1259-60 (9th Cir.1989)).   It is under this standard that Olaes

19   cannot establish jurisdiction.

20          Olaes has not shown that Farmer knew[2] that Olaes was a California resident, had its

21   principal place of business in California, or otherwise would feel the brunt of the effects of its

22   actions in California.  Olaes has offered no direct evidence indicating that Farmer knew Olaes was

23   _____

24          [1] Citing Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1322 n.2 (9th Cir. 1998), Olaes
     argues that "this Court may exercise jurisdiction upon the sole basis that [Olaes] suffered harm in
25   California." (Motion at 5: 19-21.) As noted above, that is not the law.  Nor does Panavision stand for
     that proposition.
26
            [2] In the factual summary section of its Opposition, Olaes claims "[a]t least one of [its]
27   copyrighted designs at issue in this litigation . . . clearly displayed a copyright notice that stated '©
     2002 OLAES ENTERPRISES, INC.  All Rights Reserved.  Any unauthorized duplication is strictly
28   prohibited.'" (Opposition at 2: 19-21.)  Olaes does not argue, and there is no indication in the record,
     that such alleged information shows that Farmer knew that Olaes was a California resident.

1  a California resident.  In fact, the only information regarding this issue is Farmer's "Declaration,"

2  which states that he did not know that Olaes was a resident of California until this lawsuit was

3  filed.  Nor is there any evidence that Farmer performed any act for the very purpose of having its

4  consequences felt in California.  Thus, nothing exists here that can establish the wrongful targeting

5  of a known forum resident, as required by Ninth Circuit law.

6          Olaes argues that "[t]hrough his dealings with [retailer] Target and knowledge that Target

7  is a national retailer, Farmer . . . knew that infringing copies of [Olaes's] designs would be sold in

8  California (as the most populous state)."  (Opposition at 6: 14-16).  To find purposeful availment,

9  "something more" than a foreign act with a foreseeable forum effect is required.  See Bancroft

10  Masters, 223 F.3d at 1087 (rejecting "broad proposition that a foreign act with foreseeable effects

11  in the forum state always gives rise to specific jurisdiction"); see also Toeppen, 141 F.3d at 1322

12  (finding "there must be 'something more' [than foreseeability of effect] to demonstrate that the

13  defendant directed his activity toward the forum state").  Moreover, as noted above, "[t]he

14  placement of a product into the stream of commerce, without more, is not an act of the defendant

15  purposefully directed toward the forum State."  Asahi-Metal, 480 U.S. at 112; see also Batbyggeri

16  A/S, 52 F.3d at 270 ("[F]oreseeability of causing injury in another State is not a sufficient

17  benchmark for exercising personal jurisdiction.") (citation and internal quotation and alterations

18  omitted).  Olaes's contention also does not automatically lead to an assumption that Farmer knew

19  Olaes's principal place of business or headquarters are in California, or that the brunt of any

20  alleged injuries caused by Farmer's alleged conduct would be felt by Olaes in California,

21  particularly because, as Olaes itself emphasizes, it is engaged in designs used on clothing apparel

22  which are very popular and readily available at "numerous retail locations."

23          In sum, Olaes has not established that Farmer had sufficiently extensive contacts with

24  California to support a finding that it purposefully availed himself of the privilege and opportunity

25  of doing business in California or that his connection with California were such that Farmer should

26  reasonably anticipate being haled into Court there, or that his acts were "expressly aimed" at

27  California.  Accordingly, the Court lacks personal jurisdiction over Farmer.

28  ///

## CONCLUSION

"[D]ismissal is appropriate . . . if the plaintiff has not made a prima facie showing of personal jurisdiction."  <u>AT & T Co. v. Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996).  Accordingly, Farmer is **DISMISSED** as a defendant for lack jurisdiction.

**SO ORDERED.**

DATED: 9/25/06

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel

- 9 -